977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre Brigham YOUNG, Plaintiff-Appellant,
v.
John A. ROREM, Personal Representative for the Estate of
Paul J. Narigi; Loriana Narigi, Defendants-Appellees.
 No. 91-35962.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 19, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Andre Brigham Young's civil rights action because it determined that his claims were time-barred. Young argues that his complaint "related back" to an earlier case, and alternatively, that the statute of limitations was tolled. We reject these arguments, and we affirm.
 
 
 3
 Young filed this pro se action in 1989 against Paul J. Narigi, an attorney who represented Young in criminal matters in 1962 and 1963. Young's previous action against Narigi was dismissed in 1979 for failure to state a claim and for lack of jurisdiction. Young's current action cannot "relate back" to his original complaint because the original action was not pending when Young filed his 1989 complaint. Neither state nor federal rules provide that a new complaint can relate back to an action previously dismissed and therefore procedurally unrelated. See Wash.Rules Prac. 15(c); Fed.R.Civ.P. 15(c).
 
 
 4
 Applicable state law provides for tolling of the statute of limitations for individuals who are incarcerated at the time their causes of actions accrue. Wash.Rev.Code § 4.16.190. Once that disability is removed, however, the statute begins to run and "no subsequent disability will interrupt its operation." Pederson v. Department of Transportation, 43 Wash.App. 413, 717 P.2d 773, 779 (1986). Thus, Young's release from prison in 1980 triggered the statute of limitations which expired long before the filing of this action in 1989. See Wash.Rev.Code § 4.16.080(2) (providing three year statute of limitations in civil rights actions).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3